## United States Bankruptcy Court
### Eastern District of Wisconsin

In re: **Richard Byron Fredrickson / Lynn Ann Fredrickson**, Debtor(s)

Case No. **13-27440**
Chapter **13**

## CHAPTER 13 PLAN

### NOTICES

**NOTICE TO DEBTORS:** This plan is the model plan as it appears in the Appendix to the Local Rules of the Bankruptcy Court for the Eastern District of Wisconsin on the date this plan is filed. THIS FORM PLAN MAY NOT BE ALTERED IN ANY WAY OTHER THAN WITH THE SPECIAL PROVISIONS IN SECTION 10.

■ A check in this box indicates that the plan contains special provisions set out in Section 10 below.

**NOTICE TO CREDITORS: YOUR RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this Plan carefully and discuss it with your attorney. If you oppose any provision of this plan you must file a written objection. The time to file an objection will be in a separate notice. Confirmation of this Plan by the Court may modify your rights. You may receive less than the full amount of your claim and/or a lesser interest rate on your claim.

**You must file a proof of claim in order to be paid under this Plan. Payments distributed by the Trustee are subject to the availability of funds.**

### THE PLAN

Debtor or Debtors (hereinafter "Debtor") propose this Chapter 13 Plan:

**1. Submission of Income.**

■ **Debtor's annual income is above the median for the State of Wisconsin.**
☐ **Debtor's annual income is below the median for the State of Wisconsin.**

    **(A).** Debtor submits all or such portion of future earnings or other future income to the Chapter 13 Trustee (hereinafter "Trustee") as is necessary for the execution of this Plan.

    **(B).** Tax Refunds (Check One):

    ☐ Debtor is required to turn over to the Trustee 50% of all net federal and state income tax refunds received during the term of the plan.
    ■ Debtor will retain any net federal and state tax refunds received during the term of the plan.

**2. Plan Payments and Length of Plan.** Debtor shall pay the total amount of **$32,992.80** by paying **$63.45** per (check one) ☐ month ■ week ☐ every two weeks ☐ semi-monthly to Trustee by ■ Periodic Payroll Deduction(s) from (check one) ■ Debtor ☐ Joint Debtor or by ☐ Direct Payment(s) for the period of **60** months. The duration of the plan may be less if all allowed claims in every class, other than long-term claims, are paid in full.

Joint Debtor shall pay **$126.90** per (check one) ☐ month ☐ week ■ every two weeks ☐ semi-monthly to Trustee by ■ Periodic Payroll Deduction(s) from (check one) ☐ Debtor ■ Joint Debtor or by ☐ Direct Payment(s) for the period of **60** months. The duration of the plan may be less if all allowed claims in every class, other than long-term claims, are paid in full.

☐ If checked, plan payment adjusts as indicated in the special provisions located at Section 10 below.

1

Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com     Best Case Bankruptcy

Case 13-27440-svk    Doc 8    Filed 06/11/13    Page 1 of 7

**3. Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** Creditors may file a proof of claim in a different amount. Objections to claims may be filed before or after confirmation.

The following applies in this Plan:

**CHECK A BOX FOR EACH CATEGORY TO INDICATE WHETHER THE PLAN OR THE PROOF OF CLAIM CONTROLS:**

|   |   | Plan Controls | Proof of Claim Controls |
|---|---|---|---|
| A. | Amount of Debt | ☐ | ■ |
| B. | Amount of Arrearage | ☐ | ■ |
| C. | Replacement Value - Collateral | ■ | ☐ |
| D. | Interest Rate - Secured Claims | ■ | ☐ |

**FAILURE TO CHECK A BOX UNDER A CATEGORY IN THIS SECTION WILL MEAN THAT A PROPERLY FILED PROOF OF CLAIM WILL CONTROL FOR THE CORRESPONDING SUB-PARAGRAPH OF THE PLAN.**

**4. Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

**(A). Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee, not to exceed 10% of funds received for distribution.

**(B). Debtor's Attorney's Fees.** The total attorney fee as of the date of filing the petition is $ __3,500.00__ . The amount of $ __319.00__ was paid prior to the filing of the case. The balance of $ __3,181.00__ will be paid through the plan. Pursuant to 507(a)(2) and 1326(b)(1), any tax refund submission received by the trustee will first be used to pay any balance of Debtor's Attorney's Fees.

**Total Administrative Claims:**           **$5,194.60**

**5. Priority Claims.**

**(A). Domestic Support Obligations (DSO).**

■ If checked, Debtor does not have any anticipated DSO arrearage claims or DSO arrearage claims assigned, owed or recoverable by a governmental unit.

☐ If checked, Debtor has anticipated DSO arrearage claims or DSO arrearage claims assigned, owed or recoverable by a governmental unit. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. 507(a)(1) will be paid in full pursuant to 11 U.S.C. 1322(a)(2). A DSO assigned to a governmental unit might not be paid in full. 11 U.S.C. 507(a)(1)(B) and 1322(a)(2).

| (a) DSO Creditor Name and Address | (b) Estimated Arrearage Claim | (c) Total Paid Through Plan |
|---|---|---|
| -NONE- | | |
| Totals | $0.00 | $0.00 |

**(B). Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full through the plan.

| (a) Creditor | (b) Estimated claim |
|---|---|
| Internal Revenue Service | $0.00 |
| MICHELSON LAW OFFICE | $0.00 |
| Wisconsin Dept. of Revenue | $0.00 |
| Totals: | $0.00 |

**Total Priority Claims to be paid through plan:** __$0.00__

2

Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com      Best Case Bankruptcy

Case 13-27440-svk    Doc 8    Filed 06/11/13    Page 2 of 7

**6**. **Secured Claims. The holder of a secured claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328. The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of the claim.**

    **(A).**   **Claims Secured by Personal Property.**

☐  If checked, The Debtor does not have claims secured by personal property which debtor intends to retain. Skip to 6(B).

■  If checked, The Debtor has claims secured by personal property which debtor intends to retain.

(i). **Adequate protection payments.** Creditor must file a proof of claim to receive adequate protection payments. Upon confirmation the treatment of secured claims will be governed by Paragraph (ii) below. The Trustee shall make the following monthly adequate protection payments to creditors pursuant to 1326(a)(1)(C):

| (a) Creditor | (b) Collateral | (c) Monthly Adequate protection payment amount |
|---|---|---|
| **PNC Bank** | 2012 KIA SORRENTO (HAS SOME HAIL DAMAGE TO PAINT) | $350.00 |
| | Total monthly adequate protection payments: | $350.00 |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b).

    (a). **Secured Claims - Full Payment of Debt Required.**

☐  If checked, the Debtor has no secured claims which require full payment of the underlying debt. Skip to (b).

■  If checked, the Debtor has secured claims which require full payment of the underlying debt. Claims listed in this subsection consist of debts (1) secured by a purchase money security interest in a vehicle; (2) which debt was incurred within 910 days of filing the bankruptcy petition; and (3) which vehicle is for the personal use of the debtor; **OR**, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* 1325(a)(5). After confirmation the Trustee will pay the monthly payment in column (f).

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Claim Amount | (e) Interest Rate | (f) Estimated Monthly Payment | (g) Estimated Total Paid Through Plan |
|---|---|---|---|---|---|---|
| **PNC Bank** | 2012 KIA SORRENTO (HAS SOME HAIL DAMAGE TO PAINT) | | $20,332.00 | %4.25 | $Prorata | $22,432.98 |
| **TOTALS** | | | $20,332.00 | | $prorata payments | $22,432.98 |

Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

(b). **Secured Claims - Replacement Value.**

■ If checked, the Debtor has no secured claims which may be reduced to replacement value. Skip to (B).

☐ If checked, the Debtor has secured claims which may be reduced to replacement value. The amount of the debt or the replacement value assigned to the property is in column (d).

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement Value/Debt | (e) Interest Rate | (f) Estimated Monthly Payment | (g) Estimated Total Paid Through Plan |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |
| TOTALS | | | $0.00 | | $ | $0.00 |

**(B). Claims Secured by Real Property Which Debtor Intends to Retain.**

(i) ☐ If checked, the Debtor does not have any claims secured by real property that Debtor intends to retain. Skip to (C).

■ If checked, the Debtor has claims secured by Real Property that debtor intends to retain. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise.

| (a) Creditor | (b) Property description |
|---|---|
| **Allstate Insurance Company** | HOUSE & ADJACENT PARCEL LOCATED AT:<br>15134 WASHINGTON AVENUE<br>UNION GROVE, WI  53182 |
| **BMO Harris Bank** | HOUSE & ADJACENT PARCEL LOCATED AT:<br>15134 WASHINGTON AVENUE<br>UNION GROVE, WI  53182 |
| **Town of Clearfield** | 6 2/3rds acres vacant hunting land located in Juneau County, Wisconsin (Property to be listed for sale for $25,000 - any proceeds to go to unsecured creditors. Land was advertised for sale 3 years, with no offers received. |
| **Racine City Treasurer** | NOTICE ONLY |
| **Town of Yorkville** | HOUSE & ADJACENT PARCEL LOCATED AT:<br>15134 WASHINGTON AVENUE<br>UNION GROVE, WI  53182 |

(ii)

☐ If checked, the Debtor has an arrearage claim secured by Real Property that the Debtor will cure through the Plan. Trustee may pay each allowed arrearage claim the estimated monthly payment indicated in column (d) until paid in full.

| (a) Creditor | (b) Property | (c) Estimated Arrearage Claim | (d) Estimated Monthly Payment | (e) Estimated Total Paid Through Plan |
|---|---|---|---|---|
| -NONE- | | | | |
| TOTALS | | $0.00 | | $0.00 |

**Total Secured Claims to Be Paid Through the Plan:  $22,432.98**

4

Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

**(C). Surrender of Collateral.** This Plan shall serve as notice to creditor(s) of Debtor's intent to surrender the following collateral. Any secured claim filed by a secured lien holder whose collateral is surrendered at or before confirmation will have their secured claim treated as satisfied in full by the surrender of the collateral.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| **Meadow Ridge of Door County, LLC** | **TIME-SHARE LOCATED AT MEADOW RIDGE, DOOR COUNTY, WISCONSIN**<br>**DEBTOR BELIEVES PROPERTY HAS LITTLE OR NO MARKET VALUE. PROPERTY TO BE SURRENDERED** |
| **Onslow County Tax Office** | **VACANT LOT LOCATED AT:**<br>**414 CAROLINE SANDERS WAY**<br>**HOLLY RIDGE, NC 28445** |
| **Orange Lake Capital Management** | **UNIT #333 CONDOMINIUM TIMESHARE AT HOLIDAY INN IN LAKE GENEVA, WISCONSIN.** |
| **Summerhouse on Everett Bay HOA** | **VACANT LOT LOCATED AT:**<br>**414 CAROLINE SANDERS WAY**<br>**HOLLY RIDGE, NC 28445** |
| **Summerhouse on Everett Bay HOA, Inc.** | **VACANT LOT LOCATED AT:**<br>**414 CAROLINE SANDERS WAY**<br>**HOLLY RIDGE, NC 28445** |
| **Wells Fargo Home Mortgage** | **VACANT LOT LOCATED AT:**<br>**414 CAROLINE SANDERS WAY**<br>**HOLLY RIDGE, NC 28445** |

**7. Unsecured Claims.**

   **(A).** Debtor estimates that the total of general unsecured debt not separately classified in paragraph (b) below is **$ 5,365.00** . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of not less than **$ 5,365.00** or **100** %, whichever is greater.

   **(B).** Special classes of unsecured claims:
   __None__

   **Total Unsecured Claims to Be Paid Through the Plan:** __$5,365.00__

**8. Executory Contracts and Unexpired Leases.**

   ■ If checked, the Debtor does not have any executory contracts and/or unexpired leases.

   ☐ If checked, the Debtor has executory contracts and/or unexpired leases. The following executory contracts and unexpired leases are assumed, and payments due after filing of the case will be paid directly by Debtor. Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors after confirmation.

| (a) Creditor | (b) Nature of lease or executory contract | (c) Estimated arrearage claim | (d) Estimated monthly payment |
|---|---|---|---|
| **-NONE-** | | | |
| | | Totals: | $ |

All other executory contracts and unexpired leases are rejected upon confirmation of the plan.

**9.     Property of the Estate.** Property of the estate shall revest in Debtor (Check one):
   ☐   Upon Confirmation; or
   ■   Upon Discharge

**10**. **Special Provisions.** Notwithstanding anything to the contrary set forth above, the Plan shall include the provisions set forth below. **The provisions will not be effective unless there is a check in the notice box preceding Paragraph 1 of this plan.**

5

Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                                                Best Case Bankruptcy

**SEE ATTACHMENT FOR OTHER SPECIAL PROVISIONS**

**Debtor's Attorney Fees:** All available funds on hand, less amount paid to Trustee, to be paid at the initial disbursement following confirmation of the Plan. The balance of attorney fees will be paid by an equal split with secured creditors from all funds on hand each month; when all secured claims are paid, then all funds available shall be paid on attorney fees, until the fees are paid in full.

**Notices after claims bar date:** After the bar date for fiing claims has expired, any notices in this case may be sent to the Chapter 13 Trustee, the debtor(s), the Attorney for the Debtor(s) and to only those creditors who have allowed claims or filed notices of appearance.

**Wage deduction shall be from both debtors' wages.**

**Proceeds from the sale of RIchard's mother's home shall be paid into the Plan.**

**All debt within the same class is to be paid pro-rata, regardless of whether or not an estimated monthly payment has been specified above. However, any approved claim filed by Ford or Chrysler shall be paid in equal installments.**

**Property tax arrearages paid to a county treasurer will be subject to 12% interest.**

**11**. **Direct Payment by Debtor.** Secured creditors and lessors to be paid directly by the Debtor may continue to mail to Debtor the customary monthly notices or coupons or statements notwithstanding the automatic stay.

**12. Modification.** Debtor may file a pre-confirmation modification of this plan that is not materially adverse to creditors without providing notice to creditors if the Debtor certifies that said modification is not materially adverse to said creditors.

Date **June 11, 2013**     Signature **/s/ Richard Byron Fredrickson**
**Richard Byron Fredrickson**
Debtor

Date **June 11, 2013**     Signature **/s/ Lynn Ann Fredrickson**
**Lynn Ann Fredrickson**
Joint Debtor

Attorney **/s/ CARRIE R. MICHELSON**
**CARRIE R. MICHELSON**
State Bar No. **1021193**
Firm Name **MICHELSON LAW OFFICE**
Firm Address **P.O. BOX 67**
**617 - 6TH STREET**
**RACINE, WI 53401-0067**
Phone **262-638-8400**
Fax **262-638-1818**
E-mail **amichelson@michelsonlawracine.com**

Chapter 13 Model Plan - as of January 20, 2011

Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com     Best Case Bankruptcy

| In re | Case No. |
|---|---|
| Debtor(s) | |

## CHAPTER 13 PLAN
**Attachment A**

**Discharge of Security Interest. Secured creditors' liens on personal property will be released the earlier of the date the debt is paid in full under non-bankruptcy law or the debtor is granted discharge under §1328 in this case. The creditor shall within 30 days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the debtor(s) or the attorney for the debtor(s). Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the debtor(s) in this case either before of after the entry of the discharge order and either before or after the closing of this case. The debtor(s) specifically reserve the right to file a motion to reopen this case under Section 350 of Title 11 of the Unites States Code to pursue the rights and claims provided for herein.**